UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENTAL ASSOCIATES, P.C., d/b/a
REDWOOD DENTAL GROUP,

        Plaintiff,

v.                                                                                                  Case No. 11-11624
                                                                                                    Honorable Denise Page Hood

AMERICAN DENTAL PARTNERS
OF MICHIGAN, LLC and AMERICAN
DENTAL PARTNERS, INC.,

        Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND TO COMPEL ARBITRATION, OR ALTERNATIVELY TO STAY LITIGATION PENDING ARBITRATION

### I.   INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss and to Compel Arbitration, or alternatively to Stay Litigation Pending Arbitration, filed May 9, 2011. Plaintiff filed a response on June 2, 2011, to which Defendants filed a reply. A hearing on this matter was held on September 27, 2011. Plaintiff filed a Motion for Leave to File a Supplemental Exhibit on November 17, 2011. Defendants filed a Motion for Leave to File Supplemental Authority on December 7, 2011.

### II.   BACKGROUND

Plaintiff Dental Associates, P.C., is a professional corporation owned by number of dentists who are licensed to practice dentistry in Michigan. Plaintiff employs 20 dentists in six locations throughout the Detroit metro area. Defendant American Dental Partners of Michigan

("ADPM") is a wholly-owned subsidiary of Defendant American Dental Partners, Inc. ("ADPI"), a company that provides assets, personnel, and non-clinical services to dental practices nationwide.  ADPM and ADPI (collectively, "Defendants") entered into an Asset Purchase Agreement ("APA"), purchasing a portion of the assets of Plaintiff Dental Associates ("Associates" or "Plaintiff") and a Service Agreement to receive services from ADPM. The Service Agreement is incorporated by reference into the APA.  Plaintiff now brings this action alleging claims of breach of fiduciary duty, breach of contract, tortious interference with contract and/or prospective economic advantage, unjust enrichment, and, in addition to damages, seeking declaratory and/or injunctive relief, a constructive trust and accounting.  Here, Defendants argue that the parties' dispute falls under the arbitration clause of the APA and arbitration must be compelled.

### III.   APPLICABLE LAW

#### 1.   Standard of Review

Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6).  Defendants argue that Plaintiff's Complaint must be dismissed because Plaintiff's claims are subject to arbitration.  A motion to dismiss based on an arbitration clause is more appropriately filed "under Rule 12(b)(6), because the existence of a valid arbitration clause does not technically deprive the Court of subject matter jurisdiction." *Moore v. Ferrellgas, Inc.*, 533 F.Supp.2d 740, 744 (W.D. Mich. 2008) (quoting *Liveware Publishing, Inc. v. Best Software, Inc.,* 252 F.Supp.2d 74, 78 (D.Del.2003)).  Instead, "[a]n arbitration agreement 'requires the Court to forego the exercise of jurisdiction in deference to the parties' contractual agreement to address in another forum those disputes which fall within the scope of the agreement to arbitrate.'" *Id.* Accordingly, the Court will analyze Defendants' motion under Rule 12(b)(6) and, to the extent the Court relies upon

matters beyond the pleadings, Rule 56. *See Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (noting that the court may consider exhibits attached to the complaint or defendant's motion to dismiss, public records, and items in the record of the case if they are referred to in the complaint and central to its claims without making the motion one for summary judgment).

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. This type of motion tests the legal sufficiency of the plaintiff's complaint. *See Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). A court takes the factual allegations in the complaint as true when evaluating the propriety of dismissal under Rule 12(b)(6). *See Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001); *Hoeberling v. Nolan*, 49 F. Supp.2d 575, 577 (E.D. Mich. 1999). The court construes the complaint in the light most favorable to the plaintiff, and determines whether it is beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001).

To survive a motion to dismiss, the complaint must contain sufficient factual material, accepted as true, to state a claim for relief that "is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff states factual content to imply to the court that the defendant is liable for the alleged misconduct. *Id.* Legal conclusions must be supported by factual allegations, providing more than a mere likelihood that the defendant acted unlawfully. Id. at 1949-50. A complaint is insufficient if it includes "naked assertions" without any further factual enhancement. *Id*. at 1949.

2.     **Arbitrability**

Plaintiff alleges that Defendants breached their fiduciary duties under the Services Agreement. Plaintiff does not allege a breach under the APA or the employment agreements. Instead, Plaintiff asserts that the dispute is outside the scope of the APA and the employment contracts and arises solely under the Services Agreement, which does not include an arbitration clause or mention arbitration in its remedies section. Defendants contend that the parties have a valid arbitration agreement and their dispute falls within the "broadly written" arbitration clause in the APA and the employment agreements. Defendants argue that the clause governs disputes under the Services Agreement because the APA, Services Agreement and employment agreements are one integrated document.

The Court will "examine the language of the contract in light of the strong federal policy in favor of arbitration." *Stout v. J.D. Byrider,* 228 F.3d 709, 714 (6th Cir. 2000). In determining whether the parties are required to arbitrate their dispute, the Court must determine whether there is a valid arbitration agreement and whether the parties' dispute falls within the scope of the agreement to arbitration. *Mazera v. Varsity Ford Management Services, LLC*, 565 F.3d 997, 1001 (6th Cir. 2009) (quoting *Landis v. Pinnacle Eye Care, LLC,* 537 F.3d 559, 561 (6th Cir.2008)). Absent an attack on the validity of the arbitration agreement, "as a threshold matter, [the Court must determine] whether an issue is within the scope of an arbitration agreement." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 395 (6th Cir. 2003). "A proper method of analysis here is to ask if an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement." *Id*. A party seeking to prove that the arbitration agreement is either invalid or inapplicable, must demonstrate that there is a genuine issue of material fact as to validity or applicability. *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). "[A]ny ambiguities in the contract or doubts as

to the parties' intentions should be resolved in favor of arbitration." *Mazera,* 565 F.3d at 1001. "[B]roadly written arbitration clauses must be taken at their word and extend to situations that fall within their purview." *Watson Wyatt & Co. v. SBC Holdings, Inc.*, 513 F.3d 646, 650 (6th Cir. 2008).

Although there is a strong policy in favor of arbitration, it is not absolute. *Albert M. Higley Company v. N/S Corp.*, 445 F.3d 861, 863 (6th Cir. 2006). Arbitration is "a matter of consent, not coercion." *Id.* (quoting *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.,* 489 U.S. 468, 479 (1989)). The Sixth Circuit has recognized that the policy favoring arbitration "is not so broad that it compels the arbitration of issues not within the scope of the parties' arbitration agreement." *Watson Wyatt & Co. v. SBC Holdings, Inc.*, 513 F.3d 646, 649 (6th Cir. 2008); *see also Granite Rock Co. v. International Broth. of Teamsters,* 130 S.Ct. 2847, 2856 (2010) ("a court may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate that dispute."). When the question of whether an issue is properly arbitrable involves multiple contracts, as it does here, the Sixth Circuit "has adopted a more narrow test of arbitrability, examining which agreement 'determines the scope of' the contested obligations." *Nestle Waters North America, Inc. v. Bollman*, 505 F.3d 498, 504 (6th Cir. 2007).

Plaintiff, as master of its Complaint, may seek relief solely under the Services Agreement. *See e.g. Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 35 (1913). It appears that the parties do not dispute whether there is a valid arbitration clause, but rather whether the arbitration clause governs their dispute. Accordingly, the Court will determine whether the parties' dispute can be resolved without reference to the APA or employment agreements. The

5

Court finds that the parties' dispute can be resolved without reference to the APA or employment agreements.

The arbitration clause in the APA states in relevant part that "all disagreements and controversies arising with respect to this Agreement, or with respect to its application to circumstances not clearly set forth in this Agreement, shall be settled by binding arbitration…" [Def.'s Ex. A ¶ 5.11]. The Court finds that the arbitration agreement in the APA is broad and, therefore, there is a presumption that the parties dispute will fall under it. *See Watson*, 513 F.3d 646. However, it appears that the parties' dispute does not require reference to the APA. The APA governs the transfer of assets between the parties and the parties' relationship up until the date of closing. It discusses the purchase prices of the assets, warranties between the parties, and other matters related solely to the transfer of assets. The APA contemplates the existence of the Service Agreement and employment agreements. Conversely, the Services Agreement governs the services that Defendants will provide to Plaintiff and their ongoing relationship. It appoints Defendants as Plaintiff's fiduciary and discusses the responsibilities of Defendants and Plaintiff after the date of closing. It also discusses the fees owed and how monies are maintained. Looking to the Complaint, Plaintiff's main argument is that Defendants have breached their fiduciary duty by "sweeping" funds and not providing needed services. As Defendants' fiduciary duty was created in the Services Agreement and Plaintiff contend that this fiduciary duty was breached, it is the Services Agreement and not the APA that governs this dispute. This dispute may be maintained without reference to the APA.

Defendants rely on *Nestle* to argue that the APA covers the dispute over the Services Agreement because the APA is an umbrella agreement that establishes the parties' relationship and all other agreements flow from the APA. 505 F.3d at 505. The Court does not agree with

6

Defendants' limited interpretation of *Nestle*. The *Nestle* Court noted that the Purchase Services Agreement ("PSA") created the relationship between the parties, the arbitration clause was included in the first contract executed, the PSA contemplated the execution of the Deed, and the disputed terms were in the PSA. *Id.* at 505-06. The *Nestle* court noted that "the sequence of the contracts [was] not dispositive." *Id.* at 506.

Here, the parties' dispute does not require the interpretation of terms that are not included in the Services Agreement. In fact, the Services Agreement contains a separate section of Definitions; the APA does not. Additionally, the Services Agreement defines the relationship between the parties and the APA, although it contemplates the Services Agreement and Employment agreements, only discusses the purchase and transfer of assets from Plaintiff to Defendants. Notably, the parties' relationship was defined as "Buyer" and "Seller" in the APA and "Service Company" and "Provider" in the Services Agreement.

Defendants also rely on a string of mostly unpublished cases for the proposition that courts in the Sixth Circuit have repeatedly held that an arbitration clause included in an umbrella agreement applies to all disputes under other contracts between the parties. The facts in those cases can be distinguished from those asserted here. *See Bishop v. Gosiger, Inc.*, 692 F.Supp.2d 762 (E.D. Mich. 2010) (finding that the umbrella agreement "established [the plaintiff's] role as a distributor, defined the parties' rights and obligations to each other, contemplated that [the plaintiff] may distribute additional product lines, and defined terms necessary for calculation of commissions"); *Panepucci v. Honigman Miller Schwartz & Cohn LLP*, 281 Fed.Appx. 482,*4 (finding that the plaintiff's complaint fell within the arbitration clause when plaintiff alleged that she was entitled to more compensation, which would require interpretation of accounts, distributions, etc. that were calculated under the Partnership Agreement).

In addition, there is evidence that the parties did not intend to arbitrate disputes under the Services Agreement. In *Nestle*, the court rejected the plaintiffs' argument that the absence of an arbitration agreement in the Deed evidenced intent to not arbitrate disputes arising under the Deed, reasoning that a deed does not normally contain an arbitration clause. 505 F.3d at 506-07. It cannot be said that a Service Agreement is of the type that would not typically contain an arbitration clause. Arbitration clauses were contained in both the APA and the employment agreements. The parties could have also included an arbitration clause in the Services Agreement. Furthermore, the parties refer to the APA as "this Agreement" and all other documents, including the APA are referenced as the "Incorporated Documents." (Def.'s Ex. A at ¶ 5.7). However, the arbitration clause once again makes reference to "this Agreement" and not the "Incorporated Documents." (Def.'s Ex. A at ¶ 5.11). *See Nestle,* 505 F.3d at 506, n.3 (noting that the PSA states that the Deed is attached to the PSA as an exhibit "and made a part hereof").

Defendants next contend that the parties' dispute falls under the employment agreements, which also include an arbitration clause. Defendants are not a party to the employment agreements but argue that Plaintiff is required to arbitrate its dispute with Defendants under the employment agreements for three distinct reasons: (1) Defendants are third party beneficiaries to the employment agreements; (2) Plaintiff is equitably estopped from pursuing litigation; and (3) the parties have a valid agreement to arbitrate because the arbitration agreement is incorporated by reference.

As previously stated, the relevant inquiry is whether this dispute may be maintained without reference to the employment agreements. Plaintiff is alleging a breach of fiduciary duty under the Services Agreement and breach of the Services Agreement itself. Although the non-compete clause was mentioned in the Complaint, Plaintiff does not request this Court terminate,

8

reform, or resolve any dispute under the employment agreements. This dispute may be maintained without reference to the employment agreements and, therefore, the Court need not determine whether Defendants as a nonsignatory may enforce the arbitration agreement.

### IV.  CONCLUSION

Accordingly, for the reasons stated above,

**IT IS ORDERED** that the Defendants' Motion to Dismiss and to Compel Arbitration, or alternatively to Stay Litigation Pending Arbitration **[Docket No. 3, filed on May 9, 2011]** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Supplemental Exhibit **[Docket No. 10, filed November 17, 2011]** and Defendants' Motion for Leave to File Supplemental Authority **[Docket No. 14, filed December 7, 2011]** are **GRANTED**.

s/Denise Page Hood  
United States District Judge

Dated:  December 9, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 9, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager