**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| DENTAL ASSOCIATES, P.C., d/b/a<br>REDWOOD DENTAL GROUP,<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN DENTAL PARTNERS<br>OF MICHIGAN, LLC and AMERICAN<br>DENTAL PARTNERS, INC.,<br><br>      Defendants. | Civil Action No. 2:11-CV-11624-DPH-MJH<br>Hon. Denise Page Hood<br>Magistrate Judge Michael J. Hluchaniuk |

Ronald L. Cornell, Jr. (P46860)
SEYBURN, KAHN, GINN, BESS &
SERLIN, P.C.
Attorneys for Plaintiff
200 Town Center, Suite 1500
Southfield, Michigan 48075
(248) 353-7620


Joseph W. Anthony (#2872)
Randy G. Gullickson (#185607)
ANTHONY OSTLUND BAER &
LOUWAGIE P.A.
3600 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402
(612) 349-6969

Robert M. Jackson (P40723)
Jason R. Abel (P70408)
HONIGMAN MILLER SCHWARTZ
AND COHN LLP
Attorneys for Defendants
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226
(313) 465-7430


William Z. Pentelovitch (#85078)
Haley N. Schaffer (#0313099)
MASLON EDELMAN BORMAN & BRAND,
LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-4140
(612) 672-8200

## **INTRODUCTION**

      Defendants have appealed this Court's Order Denying Defendants' Motion to Dismiss and Compel Arbitration, or Alternatively, Stay Litigation Pending Arbitration pursuant to 9

U.S.C. §16(a). (ECF. No. 15.) On January 4, 2012, Defendants filed a Notice of Appeal with the district court clerk (*see* ECF No. 18), which divests the district court of jurisdiction and effectively stays the district court action until the Sixth Circuit issues its mandate in Defendants' appeal. Defendants have also filed a Motion to Stay Pending Appeal on the ground of lack of jurisdiction as well as on an alterative basis. (ECF No. 20.) While Defendants maintain that their filing of the Notice of Appeal effectively stayed this litigation and, as a result, Defendants need not answer at this time, out of an abundance of caution, Defendants file the following responsive pleading. In filing this responsive pleading, Defendants do not waive their claim that this Court lacks jurisdiction over this action.

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants American Dental Partners, Inc. ("ADPI") and American Dental Partners of Michigan, LLC ("ADPM") (collectively "Defendants") submit their Answer and Affirmative Defenses to Dental Associates, P.C. d/b/a Redwood Dental Group's ("RDG") Complaint. Defendants, for their Answer and Affirmative Defenses, state that except as admitted, qualifiedly admitted, alleged, or qualifiedly alleged herein, they deny each and every allegation, averment, matter, statement, and thing contained in Plaintiff's Complaint and put Plaintiff to its strict proof thereof. In further response to Plaintiff's Complaint, Defendants state:

## PARTIES

1.  In response the allegations contained in Paragraph No. 1, Defendants admit that RDG is a Michigan professional corporation with its registered office located in Warren, Michigan. Defendants further admit that RDG is owned by a number of dentists, each of whom is licensed to practice Dentistry in the state of Michigan. Defendants further admit that RDG provides dental services to the general public at six clinics located in the Detroit-area communities of Madison Heights, Shelby Township, St. Clair Shores, Troy, Warren, and

Westland. Defendants deny the allegations contained in Paragraph No. 1. Defendants affirmatively state that RDG employs approximately 14 licensed dentists and has a relationship with approximately 6 additional licensed dentists on an independent contractor basis.

2. Defendants admit the allegations contained in Paragraph No. 2. Defendants affirmatively state that ADPM also is engaged in the business of providing business services, support staff and dental facilities to dental practices.

3. Defendants admit the allegations contained in Paragraph No. 3. Defendants affirmatively state that ADP is a leading provider of business services, support staff and dental facilities to multidisciplinary dental group practices in selected markets throughout the United States.

4. In response to the allegations contained in Paragraph No. 4, Defendants state that ADPI's website and filings with the Securities Exchange Commission ("SEC") speak for themselves. Defendants deny the remaining allegations contained in Paragraph No. 4.

5. In response to the allegations contained in Paragraph No. 5, Defendants admit that ADPI is a publicly traded corporation and, as such, must be concerned about its financial performance and maximizing the financial return to ADPI's public shareholders and investors. Defendants affirmatively state that they also focus on bringing value to dental practice groups.

6. In response to the allegations contained in Paragraph No. 6, Defendants admit that they have overlapping officers and directors. Defendants affirmatively state that ADPM is a fully capitalized subsidiary and that its assets are kept separate from that of ADPI's other subsidiaries. Defendants state further that ADPI's Form 10-K filed with the SEC speaks for itself. Defendants deny the remaining allegations contained in Paragraph No. 6.

**JURISDICTION AND VENUE**

7. Defendants deny the allegations contained in Paragraph No. 7 of the Complaint. Defendants affirmatively state that this Court lacks jurisdiction over this action because this action must be resolved in arbitration. Defendants further affirmatively state that on January 4, 2012, Defendants filed a Notice of Appeal with the district court clerk from the Court's Order Denying Defendants' Motion to Dismiss and to Compel Arbitration, or Alternatively to Stay Litigation Pending Arbitration pursuant to Federal Rule of Appellate Procedure 3 and 9 U.S.C. § 16(a). The filing of a Notice of appeal pursuant to 9 U.S.C. § 16(a) divests the district court of jurisdiction over the case, effectively staying the litigation.

**FACTUAL BACKGROUND**

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 8 and therefore deny the same.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 9 and therefore deny the same.

10. In response to the allegations contained in Paragraph No. 10, Defendants admit that in approximately 1999-2000 representatives from ADPI met with representatives from RDG to discuss the possibility of a business affiliation that included the purchase of certain assets of RDG and the provision of administrative services to RDG in return for payment of fees. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph No. 10 and therefore deny the same.

11. In response to the allegations contained in Paragraph No. 11, Defendants admit that RDG and ADPM entered into a Service Agreement that detailed the obligations and responsibilities of the parties. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 11 and therefore deny the

same.  Defendants affirmatively state that the Service Agreement contains an integration clause that provides, in relevant part:

> §9.14  Complete Agreement.  This document (including its exhibits and all other documents referred to herein, all of which are hereby incorporated herein by reference) contains the entire agreement among the Parties and supersedes all prior or contemporaneous discussions, negotiations, representations, or agreements relating to the subject matter of this agreement.  No changes to this agreement shall be made or be binding upon any Party unless made in writing and signed by each Party to this agreement.

12.     Defendants deny the allegations contained in Paragraph No. 12.  Defendants affirmatively state that the Service Agreement contains an integration clause that provides, in relevant part:

> §9.14  Complete Agreement.  This document (including its exhibits and all other documents referred to herein, all of which are hereby incorporated herein by reference) contains the entire agreement among the Parties and supersedes all prior or contemporaneous discussions, negotiations, representations, or agreements relating to the subject matter of this agreement.  No changes to this agreement shall be made or be binding upon any Party unless made in writing and signed by each Party to this agreement.

13.     Defendants deny the allegations contained in Paragraph No. 13.  Defendants affirmatively state that the Service Agreement contains an integration clause that provides, in relevant part:

> §9.14  Complete Agreement.  This document (including its exhibits and all other documents referred to herein, all of which are hereby incorporated herein by reference) contains the entire agreement among the Parties and supersedes all prior or contemporaneous discussions, negotiations, representations, or agreements relating to the subject matter of this agreement.  No changes to this agreement shall be made or be binding upon any Party unless made in writing and signed by each Party to this agreement.

14.     In response to the allegations contained in Paragraph No. 14, Defendants admit that Dr. Greg Swenson was member of the Board of Directors of ADPI and a senior executive of ADPI's affiliate in Minnesota.  Defendants lack knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph No. 14 and therefore deny the same.

15. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 15 and therefore deny the same. Defendants affirmatively state that the Service Agreement contains an integration clause that provides, in relevant part:

> §9.14 Complete Agreement. This document (including its exhibits and all other documents referred to herein, all of which are hereby incorporated herein by reference) contains the entire agreement among the Parties and supersedes all prior or contemporaneous discussions, negotiations, representations, or agreements relating to the subject matter of this agreement. No changes to this agreement shall be made or be binding upon any Party unless made in writing and signed by each Party to this agreement.

16. Defendants deny the allegation contained in Paragraph No. 16.

17. In response to the allegations contained in Paragraph No. 17, Defendants admit that the Park Dental doctor group filed suit against ADPI and its Minnesota subsidiary, which resulted in a December 2007 jury verdict for approximately $89 million in compensatory damages and over $40 million in punitive damages. Defendants allege that this fact is irrelevant and inadmissible. Defendants deny the remaining allegations in Paragraph No. 17.

18. In response to the allegation contained in Paragraph No. 18, Defendants admit that on or about May 1, 2003, RDG and ADPM entered into a Service Agreement. Defendants affirmatively state that the Service Agreement contains an integration clause that provides, in relevant part:

> §9.14 Complete Agreement. This document (including its exhibits and all other documents referred to herein, all of which are hereby incorporated herein by reference) contains the entire agreement among the Parties and supersedes all prior or contemporaneous discussions, negotiations, representations, or agreements relating to the subject matter of this agreement. No changes to this agreement shall be made or be binding upon any Party unless made in writing and signed by each Party to this agreement.

Defendants deny the remaining allegations in Paragraph No. 18.

19.     In response to the allegations contained in Paragraph No. 19, Defendants state that the Service Agreement speaks for itself.  Defendants deny the remaining allegations contained in Paragraph No. 19.

20.     Defendants deny the allegations contained in Paragraph No. 20. Defendants affirmatively state that the Service Agreement contains an integration clause that provides, in relevant part:

> §9.14 <u>Complete Agreement</u>.  This document (including its exhibits and all other documents referred to herein, all of which are hereby incorporated herein by reference) contains the entire agreement among the Parties and supersedes all prior or contemporaneous discussions, negotiations, representations, or agreements relating to the subject matter of this agreement.  No changes to this agreement shall be made or be binding upon any Party unless made in writing and signed by each Party to this agreement

21.     Defendants deny the allegations contained in Paragraph No. 21.

22.     Defendants deny the allegations contained in Paragraph No. 22

23.     In response to the allegations contained in Paragraph No. 23, Defendants state that the Service Agreement speaks for itself. Defendants deny the remaining allegations contained in Paragraph No. 23.

24.     Defendants admit the allegations contained in Paragraph No. 24.

25.     In response to the allegations contained in Paragraph No. 25, Defendants state that the Service Agreement speaks for itself.  Defendants deny the remaining allegations contained in Paragraph No. 25.

26.     In response to the allegations contained in Paragraph No. 26, Defendants state that the Service Agreement speaks for itself.

27.     In response to the allegations contained in Paragraph No. 27, Defendants state that the Service Agreement speaks for itself.

28. In response to the allegations contained in Paragraph No. 28, Defendants state that the Service Agreement speaks for itself. Defendants deny the remaining allegations contained in Paragraph No. 28.

29. Defendants deny the allegations contained in Paragraph No. 29.

30. In response to the allegations contained in Paragraph No. 30, Defendants state that the Service Agreement speaks for itself. Defendants deny the remaining allegations contained in Paragraph No. 30.

31. Defendants deny the allegations contained in Paragraph No. 31.

32. In response to the allegations contained in Paragraph No. 32, Defendants admit that ADPI is a publicly traded corporation and, as such, must be concerned about its financial performance and maximizing the financial return to ADPI's public shareholders and investors. Defendants affirmatively state that they also focus on bringing value to dental practice groups. Defendants further deny the remaining allegations contained in Paragraph No. 32.

33. Defendants admit that the hiring of appropriate staff and keeping them motivated and satisfied in their job is important. Defendants further admit that RDG doctors have requested additional clinical assistants. Defendants deny the remaining allegations contained in Paragraph No. 33.

34. Defendants deny the allegations contained in Paragraph No. 34.

35. In response to the allegations contained in Paragraph No. 35, Defendants state that the letter dated November 15, 2010, Plaintiff's Exhibit B to the Complaint, speaks for itself. Defendants deny the remaining allegations contained in Paragraph No 35.

36. In response to the allegations contained in Paragraph No. 36, Defendants state that the letter dated January 18, 2011, Plaintiff's Exhibit C to the Complaint, speaks for itself. Defendants deny the remaining allegations contained in Paragraph No 36.

37. In response to the allegations contained in Paragraph No. 37, Defendants state that the letter dated November 15, 2010, Plaintiff's Exhibit B to the Complaint, speaks for itself. Defendants deny the remaining allegations contained in Paragraph No 37.

38. Defendants deny the allegations contained in Paragraph No. 38.

39. In response to the allegations contained in Paragraph No. 39, Defendants admit that ADPM collects all revenues generated by RDG's practices and deposits the funds into a "Provider Account," a bank account in the name of RDG. Defendants further admit that ADPM transfers the funds from the account on a daily or other periodic basis and that the funds are then transferred into one or more accounts used and/or controlled by ADPI so that ADP can process payments that it is required or permitted to make under the Service Agreement. Defendants affirmatively state that Section 4.11 of the Service Agreement requires Defendants to collect and receive all accounts receivable generated from the billings specified in Sections 4.11 (a) and (b) and to deposit the funds into a "Provider Account" in RDG's name. Defendants further affirmatively state that Section 4.12 of the Service Agreement allows the Service Company to make withdrawals from the Provider Account. Whether or not ADPI owes RDG a fiduciary duty is a legal conclusion to which no answer is required. Defendants deny the remaining allegations contained in Paragraph No. 39.

40. In response to the allegations contained in Paragraph No. 40, Defendants admit that, at times, ADP holds funds from the Provider Account until it is required or permitted to make payments that APA is required or permitted to make under the Service Agreement and that,

at times, this reduces the amount by which ADP would have to draw on its own credit facility. Defendants further affirmatively state that the Service Agreement, which governs the parties' relationship, does not provide that RDG is entitled to any investment income from these funds. Defendants deny the remaining allegations contained in Paragraph No. 40.

41.     In response to the allegations contained in Paragraph No. 41, Defendants state that the letter dated November 15, 2010, Plaintiff's Exhibit B to the Complaint, speaks for itself. Defendants admit that they continue to collect and receive all accounts receivable generated from the billings specified in Sections 4.11 (a) and (b) of the Service Agreement and deposit the funds into a "Provider Account" in RDG's name and continue to make withdrawals from the Provider Account in order to make payments Defendants are permitted or required to make under the terms of the Service Agreement. Defendants deny the remaining allegations contained in Paragraph No. 41.

42.     In response to the allegations contained in Paragraph No. 42, Defendants admit that Section 5.6 of the Service Agreement requires RDG to maintain insurance. The Service Agreement speaks for itself. Defendants admit that ADP has arranged for professional liability coverage for RDG and that Defendants pay ADP for such coverage. Defendants deny the remaining allegations contained in Paragraph No. 42.

43.     Defendants deny the allegations contained in Paragraph No. 43.

44.     Defendants deny the allegations contained in Paragraph No. 44.

45.     In response to the allegations contained in Paragraph No. 45, Defendants state that the employment agreements speak for themselves. Defendants admit that ADPM is a third-party beneficiary of the non-compete provisions of the employment agreements. Defendants deny the remaining allegations contained in Paragraph No. 45.

## COUNT I
## BREACH OF FIDUCIARY DUTY

46. In response to Paragraph No. 46, Defendants reallege and restate Paragraph Nos. 1 through 45 above, as if fully set forth herein.

47. Defendants deny the allegations contained in Paragraph No. 47.

48. Defendants deny the allegations contained in Paragraph No. 48.

49. Defendants deny the allegations contained in Paragraph No. 49.

50. Defendants deny the allegations contained in Paragraph No. 50.

## COUNT II
## BREACH OF CONTRACT

51. In response to Paragraph No. 51, Defendants reallege and restate Paragraph Nos. 1 through 50 above, as if fully set forth herein.

52. Defendants deny the allegations contained in Paragraph No. 52.

53. Defendants deny the allegations contained in Paragraph No. 53.

## COUNT III
## DECLARATORY AND/OR INJUNCTIVE RELIEF

54. In response to Paragraph No. 54, Defendants reallege and restate Paragraph Nos. 1 through 53 above, as if fully set forth herein.

55. Defendants deny the allegations contained in Paragraph No. 55.

56. Defendants admit the allegations contained in Paragraph No. 56.

57. In response to the allegations contained in Paragraph No. 57, Defendants state that the Service Agreement speaks for itself. Defendants deny the remaining allegations contained in Paragraph No. 57.

58. In response to the allegations contained in Paragraph No. 58, Defendants admit that under Section 8.5 of the Service Agreement, closing on the purchase of assets shall not be

later than 180 days after termination. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph No. 58 and therefore deny the same.

59.    In response to the allegations contained in Paragraph No. 59, Defendants affirmatively state that pursuant to an Asset Purchase Agreement and the Service Agreement, Defendants control certain assets and operations of RDG Clinic locations. The agreements speak for themselves. Defendants deny the remaining allegations contained in Paragraph No. 59.

60.    In response to the allegations contained in Paragraph No. 60, Defendants admit that the Park Dental doctor group filed suit against ADPI and its Minnesota subsidiary, which resulted in a jury verdict for approximately $89 million in compensatory damages and over $40 million in punitive damages. Defendants allege that this fact is irrelevant and inadmissible. Defendants deny the remaining allegations in Paragraph No. 60.

61.    Defendants deny the allegations contained in Paragraph No. 61.

62.    Defendants deny the allegations contained in Paragraph No. 62.

**COUNT IV**
**TORTIOUS INTERFERENCE WITH CONTRACT AND/OR**
**PROSPECTIVE ECONOMIC ADVANTAGE**

63.    In response to Paragraph No. 63, Defendants reallege and restate Paragraph Nos. 1 through 62 above, as if fully set forth herein.

64.    Defendants deny the allegations contained in Paragraph No. 64.

65.    In response to Paragraph No. 65, Defendants admit that RDG has relationships with its employees. Defendants deny the remaining allegations contained in Paragraph No. 65.

66.    In response to the allegations contained in Paragraph No. 66, Defendants admit that the State of Michigan licenses dentists to practice within the state. Defendants state that the

State of Michigan's licensing requirements speak for themselves. Defendants deny the remaining allegations contained in Paragraph No. 66.

67. In response to Paragraph No. 67, Defendants admit that Defendants have knowledge that RDG has relationships with its patients and employees and that its dentists must be licensed by the State of Michigan. Defendants deny the remaining allegations contained in Paragraph No. 67.

68. Defendants deny the allegations contained in Paragraph No. 68.

69. Defendants deny the allegations contained in Paragraph No. 69.

## COUNT V
## UNJUST ENRICHMENT

70. In response to Paragraph No. 70, Defendants reallege and restate Paragraph Nos. 1 through 69 above, as if fully set forth herein.

71. Defendants deny the allegations contained in Paragraph No. 71.

72. Defendants deny the allegations contained in Paragraph No. 72.

73. Defendants deny the allegations contained in Paragraph No. 73.

## COUNT VI
## CONSTRUCTIVE TRUST AND ACCOUNTING

74. In response to Paragraph No. 74, Defendants reallege and restate Paragraph Nos. 1 through 73 above, as if fully set forth herein.

75. Defendants deny the allegations contained in Paragraph No. 75.

76. Defendants deny the allegations contained in Paragraph No. 76.

## AFFIRMATIVE DEFENSES

1. For their first affirmative defense, Defendants allege that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. For their second affirmative defense, Defendants assert that Plaintiff's claims are barred or limited by applicable statutes of limitations.

3. For their third affirmative defense, Defendants assert that Plaintiff's claims are barred by its own unclean hands and/or inequitable conduct.

4. For their fourth affirmative defense, Defendants assert that Plaintiff's claims are barred by applicable doctrines of estoppel, waiver and/or laches.

5. For their fifth affirmative defense, Defendants assert that Plaintiff's damages, if any, have been caused by its own misconduct.

6. For their sixth affirmative defense, Defendants assert that Plaintiff's claims are barred because of its breach of fiduciary duties owed to Defendants.

7. For their seventh affirmative defense, Defendants assert that Plaintiff's claims are barred, in whole or in part, by the merger and integration doctrines.

8. For their eighth affirmative defense, Defendants assert that Plaintiff assumed the risk of any damages it may have suffered.

9. For their ninth affirmative defense, Defendants assert that Plaintiff's claims are barred or limited based on the doctrine of ratification.

10. For their tenth affirmative defense, Defendants assert that Plaintiff has not suffered any damages as a result of any actions or inactions of Defendants and has failed to mitigate any damages it may have suffered.

11. For their eleventh affirmative defense, Defendants assert that any damages that Plaintiff may have suffered were the result of its own actions or inactions for which Defendants are not the direct or proximate cause.

12. For their twelfth affirmative defense, Defenants assert that this Court lacks jurisdiction over this action because this action must be resolved in arbitration.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that this Court enters judgment for Defendants and against Plaintiff as follows:

A. Dismissing Plaintiff's Complaint with prejudice and on the merits;

B. Awarding Defendants the costs of this action, including their reasonable attorneys' fees, expenses and interest incurred in defense of Plaintiff's claims; and

C. Granting Defendants such other and further relief as the Court deems just and proper.

Dated: January 13, 2012

**HONIGMAN MILLER SCHWARTZ AND COHN LLP**

By:   /s/ Jason R. Abel
    Robert M. Jackson (P40723)
    Jason R. Abel (P70408)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
Phone: 313-465-7430

and

**MASLON EDELMAN BORMAN & BRAND, LLP**
William Z. Pentelovitch (#85078)
Haley N. Schaffer (#0313099)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
Phone: 612-672-8200

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 13, 2012, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to all ECF participants.

                              By:   /s/ Jason R. Abel
                                     Robert M. Jackson (P40723)
                                     Jason R. Abel (P70408)
                                     HONIGMAN MILLER SCHWARTZ AND
                                         COHN LLP
                                   2290 First National Building
                                   660 Woodward Avenue
                                   Detroit, MI 48226
                                   Phone:  313-465-7430