**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DENTAL ASSOCIATES, P.C., d/b/a
REDWOOD DENTAL GROUP,

        Plaintiff,

v.                                          Case No. 11-11624
                                          Honorable Denise Page Hood

AMERICAN DENTAL PARTNERS
OF MICHIGAN, LLC and AMERICAN
DENTAL PARTNERS, INC.,

        Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR STAY PENDING APPEAL

**I.    INTRODUCTION**

Now before the Court is Defendants' American Dental Partners, Inc. ("ADPI") and American Dental Partners of Michigan, LLC's ("ADPM") (collectively "Defendants") Motion to Stay Pending Appeal, filed on January 9, 2012. Defendants also filed a brief in support of their Motion to Stay on January 9, 2012. Plaintiff, Dental Associates, P.C., d/b/a Redwood Dental Group ("RDG"), filed a Brief in Opposition to Defendants' Motion to Stay on January 23, 2012. For the reasons stated below, Defendants' Motion to Stay is DENIED WITHOUT PREJUDICE.

**II.    BACKGROUND**

Plaintiff filed this lawsuit against Defendants in Wayne County Circuit Court on March 17, 2011, asserting claims of breach of fiduciary duty, breach of contract, declaratory and/or injunctive relief, tortious interference with contract and/or prospective economic advantage, unjust enrichment, and constructive trust and accounting. Defendants removed the action to this

1

Court on May 9, 2011 and filed a Motion to Dismiss and to Compel Arbitration, or Alternatively, to Stay Litigation Pending Arbitration under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and § 3 of the Federal Arbitration Act ("FAA"). (Docket No. 3). The Court issued its order denying Defendants' motion on December 9, 2011. (Docket No. 15). On January 4, 2012, Defendants filed a Notice of Appeal of this Court's Order denying arbitration. (Docket No. 18).

Defense counsel sought agreement from Plaintiff to stay the trial court proceedings pending resolution of the appeal. Plaintiff agreed to stipulate a stay only if (1) document and written discovery would not be stayed; and (2) the parties would agree to make a joint motion to the Sixth Circuit to expedite the appeal. (Gullickson Decl., Ex. A-2). Defendants rejected this proposal and filed the Motion to Stay Pending Appeal, which is now before the Court.

Defendants argue that under 9 U.S.C § 16(a), filing a Notice of Appeal automatically divests this Court of jurisdiction over the case. Alternatively, Defendants contend that even if this Court finds that it retains jurisdiction, it should grant Defendants' motion to stay pending appeal because Defendants satisfy the Fed. R. Civ. P. 62(c) balancing test used to determine whether actions should be stayed during the pendency of interlocutory appeals. (Docket No. 20). In contrast, Plaintiff argues that Defendants' interlocutory appeal does not divest this Court of jurisdiction to proceed with discovery. In addition, Plaintiff contends that this Court should deny the motion for stay because Defendants have not satisfied the Fed. R. Civ. P. 62(c) four-prong balancing test.

Prior to this Court denying Defendants' motion to compel arbitration, the parties held a 26(f) meeting where they agreed that written and document discovery should proceed and not be postponed until after the arbitrability issue is decided. Plaintiff points to this agreement and argues that, at a minimum, document discovery and Rule 26(a)(1) disclosures should proceed

even as Defendants' appeal is pending in the Sixth Circuit. Plaintiff further argues that the parties negotiated and agreed to a stipulated protective order which recognized that discovery would be needed whether or not the case is ultimately tried in Court or in arbitration. (Docket No. 17).

### III. ANALYSIS

#### A. Divestiture of Jurisdiction

The FAA provides that a district court's denial of a motion to stay pending arbitration or a motion to compel arbitration may be immediately appealed. *See* 9 U.S.C. § 16(a)(1); *see also, Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.,* 383 Fed.Appx. 517, 520 (6th Cir. 2010) (Court of Appeals has jurisdiction over interlocutory appeal of district court orders denying motion to compel arbitration). The FAA, however, does not address whether the appeal automatically divests the district court of jurisdiction over the matter.

As a general rule, the filing of an appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The circuits are split over whether this general rule applies in an appeal under § 16(a)(1) to divest the district court of jurisdiction over the proceedings relating to the underlying claims. A majority of circuits have held that an appeal regarding arbitrability of claims does divest the district court of jurisdiction over those claims, as long as the appeal is not frivolous. *See Levin v. Alms & Assoc.*, 634 F.3d 260, 263 (4th Cir. 2011); *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 215 (3d Cir. 2007); *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1162-63 (10th Cir. 2005); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004); *Bradford-Scott Data Corp. v. Physician Computer Network,* 128 F.3d 504, 506 (7th Cir. 1997). A minority of circuits have refused to issue stays while § 16(a) appeals were under consideration. *See Weingarten Realty*

*Investors v. Miller,* 661 F.3d 904, 908 (5th Cir. 2011); *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53-54 (2d Cir. 2004); *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1411-12 (9th Cir. 1990). The Sixth Circuit has not ruled on this issue.[1] However, Sixth Circuit authority exists that holds the filing of a notice of appeal is an event of jurisdictional significance, even when the notice of appeal is taken from an interlocutory order. *See Fort Gratiot Sanitary Landfill Inc. v. Mich. Dept. of Natural Resources*, 71 F.3d 1197, 1203 (6th Cir. 1995).

The Fourth Circuit in *Levin* cited the Supreme Court while ruling that an appeal stripped the district court of jurisdiction:

> [I]t is fundamental to a hierarchical judiciary that 'a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal … confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Levin*, 634 F.3d at 263.

Despite this general rule, Plaintiff analogizes the present matter to those cases in which circuits have held that the district court retains jurisdiction. Plaintiff points out that these circuits acknowledge that filing a notice of appeal transfers jurisdiction from the district court to the appellate court concerning those aspects of the case <u>involved in the appeal</u>, but the district court remains free to adjudicate matters not involved in the appeal. *See Weingarten Realty Investors v. Miller*, 661 F.3d 904, 908 (5th Cir. 2011). The Fifth Circuit explained and agreed that "[t]he Ninth Circuit [held] that because answering the question of arbitrability does not determine the merits of the case, the merits are not an aspect of the case that is involved in the appeal on arbitrability."*Id*. The Seventh Circuit countered this analysis reasoning "[a]n appeal authorized

---

[1] In a ruling in the Eastern District of Michigan on January 4, 2012, Judge Sean Cox found that the district court is not automatically divested of jurisdiction upon the filing of an appeal alleging that claims are subject to arbitration. *Tillman v. Macy's Inc.,* 2012 WL 12737 (E.D. Mich. Jan. 4, 2012). Plaintiff alleged wrongful termination based on her race in violation of Title VII of the Civil Rights Act. The matter involved an employee dispute resolution program which included a binding arbitration clause. Judge Cox cited the circuit split in his decision but determined that without a Sixth Circuit precedent, the district court retains discretion to determine whether proceedings should be stayed on a "case-by-case basis." The *Tillman* ruling is not binding on this Court.

by § 16(a)(1) presents the question whether the district court must stay its own proceedings pending arbitration. Whether the litigation may go forward in the district court is precisely what the court of appeals must decide." *Bradford-Scott Data Corp, Inc. v. Physician Computer Network, Inc.,* 128 F.3d 504, 506 (7th Cir. 1997).  The Eleventh Circuit agreed finding that "[t]he only aspect of the case involved in an appeal from an order denying a motion to compel arbitration is whether the case should be litigated at all in the district court" and "[t]he issue of continued litigation in the district court is not collateral to the question presented by appeal under § 16(a)(1)(A)." *Blinco v. Green Tree Servicing, LLC,* 366 F.3d 1249, 1251 (11th Cir. 2004).

Plaintiff further argues that if the district court were automatically divested of jurisdiction pending an appeal under § 16(a)(1), litigants with even tenuous arbitrability claims could effectively put the litigation on hold for many months, if not years, by bringing a motion to compel arbitration and then appealing its denial in order to delay litigation. The Seventh Circuit considered this argument in *Bradford* and acknowledged the seriousness of the concern but found that it could be met "by the response that the appellee may ask the court of appeals to dismiss the appeal as frivolous or to affirm summarily." *Bradford-Scott,* 128 F.3d at 506. Each of the circuits adopting the majority view has created a frivolousness exception to protect against unnecessary delay. The Tenth Circuit elaborated on the mechanics of the frivolousness exception as follows:

> [U]pon the filing of a motion to stay litigation pending an appeal from the denial of a motion to compel arbitration, the district court may frustrate any litigant's attempt to exploit the categorical divestiture rule by taking the affirmative step, after a hearing, of certifying the § 16(a) appeal as frivolous or forfeited. That certification will prevent the divestiture of district court jurisdiction.

5

*McCauley v. Halliburton Energy Services, Inc.,* 413 F.3d 1158, 1162 (10th Cir. 2005). Plaintiff failed to argue before the district court that Defendants' appeal was frivolous. In its brief, however, Plaintiff suggests frivolousness arguing the following:

> The trial court could be delayed for several months in the district court by a party's motion to compel arbitration and delayed for another year (or more) by bringing an interlocutory appeal of the denial of arbitration. A defendant could accomplish this delay even if the underlying contract on which the lawsuit is based contained no arbitration clause, as Defendants seek to here.

(Docket No. 22).  Regardless, this District Court held no hearing on the issue of frivolousness nor certified the § 16(a) appeal as frivolous or forfeited adhering to the idea that "[a]rbitration clauses reflect the parties' preference for non-judicial dispute resolution . . . and, as a result, cases involving § 16(a) appeals are 'poor candidates for exceptions to the principle that a notice of appeal divests the district court of [jurisdiction]." *Bradford-Scott Data Corp.,* 128 F.3d at 506.

Plaintiff asks that this Court deny Defendants' Motion to Stay and allow discovery to proceed because that is what both parties agreed to from the outset. Plaintiff quotes the 26(f) meeting report, which reads:

> The parties agree that until *the Court* rules on Defendants' motion to compel arbitration, the parties will not proceed with any discovery, <u>other than document discovery and Rule 26(a)(1) disclosures</u> . . . . The parties further agree that should *this Court* grant Defendants' motion to compel arbitration, the parties' document discovery can be used in that arbitration proceeding in the same manner that the discovery could be used in any litigation before this Court.

(Joint Rule 26(f) Report, p. 6, Docket No.  No. 6 (emphasis added).) Nonetheless, discovery matters should be stayed. In ruling that an appeal on arbitrability divested the district court of jurisdiction, the Fourth Circuit added that the district court "lack[s] jurisdiction over the continuation of any proceedings relating to the claims at issue." *Levin*, 634 F.3d at 264. It continued, "[t]hat the present case involves only the continuation of discovery does not change

6

that rationale. Discovery is a vital part of litigation . . . and permitting discovery constitutes permitting the continuation of the litigation, over which the district court lacks jurisdiction." *Id.*

For the reasons stated above, the Court finds that it has no jurisdiction over this matter and dismisses Defendants' Motion for a Stay Pending Appeal without prejudice.[2]

### B. Plaintiff's Request for Defendants to File Bond

Plaintiffs ask that if this Court does choose to stay proceedings pending appeal, then Defendants should be required to file a bond with the Court in order to protect Plaintiff's interests and offset any further damages that are caused by additional delay. Because this Court does not retain jurisdiction over this matter, it does not have jurisdiction to require Defendants to file a bond. Accordingly, Plaintiff's request for Defendants to file a bond is dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Defendants' Motion for a Stay Pending Appeal [**Docket No. 20, filed January 9, 2012**] is **DISMISSED WITHOUT PREJUDICE**

                              S/Denise Page Hood
                              Denise Page Hood
                              United States District Judge

Dated: April 30, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 30, 2012, by electronic and/or ordinary mail.

                              S/LaShawn R. Saulsberry
                              Case Manager

---

[2] If the Court determined it had jurisdiction, it would consider the following four factors to determine whether actions should be stayed: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Mich. Coalition of Radioactive Material Users, Inc. v. Grienpentrog*, 945 F.2d 150, 153 (6th Cir. 1991) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).